**Charles E. LEVES, Joseph W. Chamberlain, Plaintiffs-Appellants,**

v.

**INTERNAL REVENUE SERVICE, COMMISSIONER, et al., Defendants-Appellees.**

No. 86–3012
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 15, 1986.

As Amended Aug. 28, 1986.

Michael L. Paup, Chief, Roger M. Olsen, Acting Asst. Atty. Gen., David E. Carmack, Steven Parks, U.S. Dept. of Justice, Appellate Section, Tax Div., Washington, D.C., for plaintiff-appellee.

Before GODBOLD, Chief Judge, VANCE and JOHNSON, Circuit Judges.

GODBOLD, Chief Judge:

Plaintiffs are citizens of the United States who live in Panama and work for and receive a salary from the Panama Canal Commission (PCC). Plaintiffs brought these suits to enjoin the Internal Revenue Service (IRS) from placing tax liens on their property and from seizing their assets, and to require the IRS to return monies already collected and to honor the exemption from tax allegedly granted under the Panama Canal Treaty of 1977.[1]

---

1. Plaintiffs rely on Article XV of the Agreement in Implementation of Article III of the Panama Canal Treaty, September 7, 1977, T.I.A.S. No. 10031, which provides:

    1. By virtue of this Agreement, the Commission, its contractors and subcontractors are exempt from payment in the Republic of

The suits were consolidated. The district court dismissed the complaints for lack of subject matter jurisdiction. We affirm.

The district court held that the Anti-Injunction Act of the Internal Revenue Code of 1954, 26 U.S.C. § 7421, barred these suits. The Anti-Injunction Act provides that, subject to certain inapplicable statutory exceptions,[2] "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

In addition to the statutory exceptions to the Anti-Injunction Act, the Supreme Court has recognized two judicial exceptions. First, an injunction may issue where the taxpayer can clearly demonstrate "that the Government [can] in no circumstances ultimately prevail on the merits, and that equity jurisdiction exist[s]." *U.S. v. American Friends Service Committee*, 419 U.S. 7, 10, 95 S.Ct. 13, 15, 42 L.Ed.2d 7 (1974). Second, the Supreme Court has recognized that the Anti-Injunction Act "was not intended to bar an action where ... Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." *South Carolina v. Regan*, 465 U.S. 367, 373, 104 S.Ct. 1107, 1111, 79 L.Ed.2d 372 (1984).

Plaintiffs rely on the second of these exceptions. They contend that as employees of the PCC under Article XV of the Agreement in Implementation of the Panama Canal Treaty of 1977, T.I.A.S. No. 10031, they are exempt from the tax asserted by the Commissioner, and therefore, they are not taxpayers eligible to litigate the issue of their liability for the taxes either in the Tax Court or in a tax refund suit.

In *Harris v. U.S.*, 768 F.2d 1240 (11th Cir.1985), *pet. for cert. pending*, No. 85–1011, this court held that Article XV(2) of the Agreement creates a bi-national tax exemption for PCC employees.[3] Under *Harris* plaintiffs are exempt from federal taxes. Plaintiffs' tax exempt status, however, does not prevent their bringing an action in the Tax Court or suing for a refund.

Plaintiffs' reliance on *South Carolina v. Regan* and *Economy Plumbing & Heating Co., Inc. v. U.S.*, 470 F.2d 585, 200 Ct.Cl. 31 (1972) is misplaced. Both of those cases involved the rights of third parties to litigate the tax liability of persons against whom the tax was assessed.

In *South Carolina v. Regan* the Court held that the Anti-Injunction Act did not bar an action brought by the state of South Carolina to enjoin the collection of federal income taxes from its citizens under 26

Panama of all taxes, fees or other charges on their activities or property.

2. United States citizen employees and dependents shall be exempt from any taxes, fees, or other charges on income received as a result of their work for the Commission. Similarly, they shall be exempt from payment of taxes, fees or other charges on income derived from sources outside the Republic of Panama.

3. United States citizen employees and dependents shall be exempt from taxes, fees, or other charges on gifts or inheritance or on personal property, the presence of which within the territory of the Republic of Panama is due solely to the stay therein of such persons on account of their or their sponsor's work with the Commission.

4. The Coordinating Committee may establish such regulations as may be appropriate for the Implementation of this Article.

**2.** These exceptions pertain to (1) the assessment and collection of deficiencies prior to the issuance of a notice of deficiency (26 U.S.C. §§ 6212 and 6213); (2) the collection of "responsible person" penalties where a bond has been filed (§ 6672(b)); (3) the collection of a tax return preparer penalty (§ 6694(c)); (4) the enforcement of a levy on property where such enforcement would injure the interest of a lienholder other than the person against whom the tax has been assessed (§§ 7426(a) and (b)(1)); and (5) the review of the reasonableness of a jeopardy assessment (§ 7429(b)).

**3.** Although *Harris* is the rule of this circuit, its holding has been brought into question. The Supreme Court has granted *certiorari* in *Coplin v. U.S.*, 761 F.2d 688 (Fed.Cir.1985), *cert. granted sub nom. O'Connor v. U.S.*, — U.S. —, 106 S.Ct. 784, 88 L.Ed.2d 763 (1986), in which the Federal Circuit held that PCC employees are not exempt from United States taxes under Article XV of the Agreement.

U.S.C. § 103(j)(1) because Congress had not provided the state with an alternative legal way to challenge the validity of the tax. The Court noted that if the Anti-Injunction Act applied, the state would be forced to rely upon one of its citizens to bring suit in the Tax Court or sue for a refund because neither of these remedies was available to a plaintiff who was not a taxpayer. The Court held that "Congress did not intend the [Anti-Injunction] Act to apply where an aggrieved party would be required to depend on the mere possibility of persuading a third party to assert his claims." 465 U.S. at 381, 104 S.Ct. at 1116.

In *Economy Plumbing & Heating Co.*, money that was due to the plaintiffs under a contract was wrongfully applied to the payment of a third party's taxes. The court held that plaintiffs were not taxpayers within the meaning of the internal revenue laws because they were not the person against whom the taxes were assessed and therefore were not entitled to bring suit in tax court or sue for a tax refund.

In this case plaintiffs are persons against whom federal taxes have been assessed. Their remedies for the allegedly wrongful assessment are to bring a timely suit in the tax court under 26 U.S.C. §§ 6212 and 6213 or to pay the tax and sue for a refund in district court or court of claims under 26 U.S.C. § 7422 and 28 U.S.C. §§ 1346(a)(1) and 1491. The Anti-Injunction Act applies in this case. *See, e.g., Bob Jones University v. Simon,* 416 U.S. 725, 746, 94 S.Ct. 2038, 2050–51, 40 L.Ed.2d 496 (1973) (organization may challenge withdrawal of its tax exempt status by petition to the tax court or in a refund suit).

Plaintiffs' other arguments lack merit and require no further discussion.

AFFIRMED.