[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 7, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-12333
Non-Argument Calendar

----------------------------------------

Tax Court No. 15721-068

IRVIN ELISON TALIAFERRO,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

--------------------------------------------
Appeal from a Decision of the
United States Tax Court
--------------------------------------------

**(April 7, 2008)**

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Irvin Elison Taliaferro, proceeding pro se, appeals the

decision of the tax court dismissing his petition for redetermination of a deficiency

and sustaining the Commissioner of Internal Revenue's ("Commissioner") proposed levy to collect unpaid tax liabilities. No reversible error has been shown; we affirm.

Talifaerro did not file tax returns for tax years 2000 through 2003; so the Internal Revenue Service ("IRS") used third-party information and filed tax returns for these years under the "substitute for return" program. Pursuant to 26 U.S.C. § 6303, the IRS sent Taliaferro a notice of the deficiency and demand for payment; and pursuant to 26 U.S.C. §§ 6320, 6330, informed him of his right to a Collection Due Process ("CDP") hearing and sent him a "notice of levy." Taliaferro did not challenge the proposed tax liabilities before his CDP hearing. After the CDP hearing, the IRS determined that it could not extend relief to Taliaferro because he did not submit the requested financial documents, offer an acceptable collection alternative, or timely file his 1999, 2004, or 2005 tax returns. Thus, the IRS sent Taliaferro a statutory notice of determination about the collection action and informed him of his right to petition the tax court.

Taliaferro petitioned the tax court for a redetermination of deficiency and levy action, asserting that (1) the IRS had no authority to submit a substitute for return on his behalf; (2) he was not required to file a 1040 tax return because the form did not have a valid Office of Management and Budget ("OMB") number as

2

required by 44 U.S.C. § 3512; and (3) IRS agents were based out of the Department of the Treasury of Puerto Rico, 27 C.F.R. § 26.11, and not the United States Treasury Department.[1] The Commissioner filed a motion to dismiss for failure to state a claim upon which relief could be granted. Taliaferro opposed the motion, repeating the arguments from his petition, and additionally arguing that the Sixteenth Amendment applied only to the national government and its employees. The tax court granted the Commissioner's motion and sustained the proposed levy, determining that Taliaferro raised no justiciable issue and, instead, raised only frivolous arguments.

On appeal, Taliaferro submits that the tax court abused its discretion in determining that his arguments were frivolous because it failed to address the arguments raised in his petition. We review de novo the tax court's dismissal for failure to state a claim. Creel v. C.I.R., 419 F.3d 1135, 1139 (11th Cir. 2005).[2]

The tax court correctly determined that Taliaferro did not state a claim because all his arguments were frivolous.[3] Under 26 U.S.C. § 6020(b)(1), the IRS

---

[1] Taliaferro's petition originally included the 1998 tax year; but the 1998 claim was dismissed for lack of jurisdiction because he previously had received an appeals hearing.

[2] In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[3] The tax court also correctly sustained the proposed levy because the Commissioner complied with all legal and procedural requirements. See 26 U.S.C. § 6330. Taliaferro's underlying tax

is authorized to create a return--on behalf of any person who fails to file a return--based on information in its possession and that obtained from third parties. In addition, we have rejected the argument that a tax return need not be filed because of the absence of an OMB control number because Congress did not condition the statutory duty to file a tax return on a Treasury regulation. See United States v. Neff, 954 F.2d 698, 699 (11th Cir. 1992). The regulation Taliaferro cites in support of his argument that IRS agents were based out of the Department of Treasury of Puerto Rico does not bear on the present action. See 27 C.F.R. § 26.11 (in a regulation dealing with alcoholic products coming into the United States from Puerto Rico, the term "Secretary" is defined as "the Secretary of the Treasury of Puerto Rico"). Furthermore, we have rejected, as frivolous, the argument that the income tax applies only to the Federal government and its employees. See Motes v. United States, 785 F.2d 928, 928 (11th Cir. 1986) (determining as frivolous, among other things, argument that only public servants are subject to tax liability); United States v. Pilcher, 672 F.2d 875, 877 (11th Cir. 1982) (every income earner is required to file an income tax return).[4]

_____

liability was not at issue because he received a statutory notice of deficiency, did not appeal the liability and, therefore, statutorily was precluded from doing so at the CDP hearing. See § 6330(c)(2)(A), (B).

[4]We also reject, as belied by the record, Taliaferro's contentions on appeal that the tax court did not consider his submitted documents and that the Commissioner did not support its position with

Accordingly, we affirm the decision of the tax court.

AFFIRMED.

---

credible evidence.