**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2009

No. 09-60381
Summary Calendar

Charles R. Fulbruge III
Clerk

ADOLFO SANDOR MONTERO

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent - Appellee

Appeal from the Decision of the United States Tax Court
No. 23166-07L

Before GARZA, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:[*]

*Pro se* Petitioner-Appellant Adolfo Sandor Montero appeals the Tax Court's decision upholding the Internal Revenue Service ("IRS") Office of Appeals' determination that the IRS could collect frivolous return penalties from Montero for the years 2003 and 2004. Montero also appeals the Tax Court's imposition of a $20,000 sanction for instituting a proceeding primarily for purposes of delay and to advance a frivolous position.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2003 and 2004, Montero worked at Dell Products, L.P. ("Dell"). Dell issued Montero a 2003 Form W-2 reporting that it had paid him $150,143 in wages, tips and other compensation, from which Dell withheld federal taxes. In 2004, Dell again issued Montero a Form W-2, reporting that it had paid him $156,756 in wages, tips, and other compensation, with federal taxes withheld. Montero filed Form 1040 income tax returns for both years, reporting his compensation from employment as well as other income. He received refunds for the amounts by which his income tax withholding exceeded his actual taxes due.

In 2006, Montero filed amended income tax returns (Forms 1040X) for 2003 and 2004, to which he attached Forms 4852. On the Forms 4852, Montero reported that Dell had not paid him any wages in 2003 or 2004 and sought a refund equal to the full amount of all taxes withheld minus the amount that the IRS had already refunded to him. Montero contended on his amended returns that Dell had erroneously categorized him as an "employee" earning "wages," as defined by I.R.C. §§ 3121 and 3401.[1] The IRS subsequently assessed frivolous return penalties of $500 against Montero for his 2003 and 2004 returns. Montero contested these penalties and requested a collection due process ("CDP") hearing with the IRS Office of Appeals, primarily arguing that his amended returns had correctly reported that he owed no federal taxes for 2003 and 2004.

The Office of Appeals upheld the proposed levy to collect the frivolous return penalties, and also warned Montero about the possibility of up to $25,000

---

[1] This argument is based on the theories of Peter Hendrickson, tax protester and author of *Cracking the Code: The Fascinating Truth About Taxation in America.* Hendrickson relies on the statement in I.R.C. § 3401(c) that the term "employee" "includes" government employees and corporate officers to contend that *only* the remuneration paid to these categories of persons comprise "wages" subject to taxation. In other words, according to Hendrickson, private sector compensation is not "wages" and therefore not taxable. The Sixth Circuit has found this theory to be a frivolous tax-protestor argument. *See infra.*

in monetary sanctions for bringing a frivolous action. Montero subsequently filed a petition with the Tax Court, once more advancing the argument that he had earned no taxable income in 2003 and 2004 and seeking both abatement of the frivolous return penalties as well as a refund of all taxes withheld from his 2003 and 2004 paychecks. At both the calendar call and at trial, the Tax Court warned Montero that his arguments were frivolous, and it reminded him of the possibility of monetary sanctions up to $25,000. At trial, Montero presented his opening statement, during which he continued to advance tax-protestor arguments. The Tax Court declined to hear testimony from Montero's witness, whom Montero claimed had received a refund after advocating the same arguments as Montero. The Tax Court upheld the determination of the Office of Appeals to proceed with the proposed levies, and sanctioned Montero $20,000 pursuant to I.R.C. § 6673 for instituting or maintaining a frivolous proceeding primarily, if not exclusively, to protest the federal tax system. Montero now appeals.

In a CDP case in which the underlying tax liability is at issue, we review the underlying liability *de novo* and the Tax Court's imposition of sanctions for an abuse of discretion. *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006); *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003).

The IRS may impose a $500[2] civil penalty against any individual if: (1) he files "what purports to be" a federal income tax return; (2) the purported return "contains information that on its face indicates that the self-assessment is substantially incorrect;" and (3) this conduct is due to "a position which is

---

[2] Congress later amended I.R.C. § 6702 to increase the penalty to $5,000, but to limit the penalty for frivolous positions to those positions identified by the IRS as such. *See* Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, § 407(a), 120 Stat. 2922, 2960-61 (2006).

frivolous" or "a desire to delay or impede the administration of Federal tax laws." I.R.C. § 6702.

The Tax Court properly found that the Forms 1040X, which Montero filed in order to obtain income tax refunds for 2003 and 2004, "purported to be" income tax returns because Montero filed the forms in order to obtain a refund of taxes previously paid. *See Davis v. United States*, 742 F.2d 171, 173 (5th Cir. 1984) (finding documents comprised "tax returns" if the purpose of filing the documents was to obtain a refund). The Forms 1040X facially contained incorrect information based on Montero's legally frivolous positions. For instance, Montero reported that he had received no wages even though Dell had sent him Forms W-2 reporting that it had paid him over $150,000 in both 2003 and 2004. His rationale for his amended filings was based on tax-protester arguments alleging that he was not an "employee" and did not earn "wages" under IRC definitions.

However, Section 61 of the IRC defines "gross income" as "all income from whatever source derived" including "[c]ompensation for services." Montero's contention that compensation received from a private employer is not subject to income tax has been rejected as frivolous numerous times. *See, e.g., Parker v. Comm'r*, 724 F.2d 469, 471-72 (5th Cir. 1984) (refuting allegation that "the income tax is an excise tax applicable only against special privileges" and finding Congress empowered to levy income tax against any source of income); *see also United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985) (finding taxpayer's argument that the IRC category of "employee" would "not include privately employed wage earners" a "preposterous reading of the statute"). Furthermore, the Sixth Circuit recently affirmed a district court order permitting the IRS to recover tax refunds that it had erroneously issued to Peter Hendrickson, the progenitor of Montero's tax theories, and enjoining him from asserting his tax-protestor arguments on future returns. *United States v. Hendrickson*, 100

A.F.T.R.2d (RIA) 5395 (E.D. Mich. 2007), *aff'd by unpublished slip op.*, No. 07-1510 (6th Cir. June 11, 2008). Thus, because Montero filed purported income tax returns that were patently frivolous, the Tax Court correctly upheld the imposition of the frivolous return penalties for 2003 and 2004.

Montero also appeals the Tax Court's imposition of $20,000 in sanctions for instituting a proceeding primarily for the purposes of delay and maintaining frivolous positions. The Tax Court may sanction a taxpayer whenever it appears that he instituted or maintained a proceeding primarily for delay, or that his position in the proceeding is groundless or frivolous. I.R.C. § 6673(a). This court has upheld sanctions in cases where taxpayers advance frivolous arguments similar to those advanced by Montero. *See, e.g.*, *Stearman*, 436 F.3d at 538 (affirming $12,500 sanction after finding taxpayer maintained proceedings primarily for delay); *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (granting motion for $6,000 in sanctions for frivolous appeal); *Sandvall v. Comm'r*, 898 F.2d 455, 459 (5th Cir. 1990) (levying $3,000 sanction against taxpayers for frivolous appeal).

In the instant matter, Montero continued to advance frivolous tax-protestor arguments despite being warned—both before and at trial by the Commissioner and the Tax Court—that his arguments were frivolous and that he could be sanctioned if he persisted in advancing them. These warnings were not "threats," as Montero argues, nor do they represent bias on the part of the Tax Court judge. A judge does not show bias by disregarding legally frivolous arguments. *Liteky v. United States*, 510 U.S. 540, 550-51, 554-56 (1994). Accordingly, the Tax Court did not abuse its discretion in issuing sanctions against Montero.

Montero further argues that the sanctions were excessive in amount. The Tax Court may sanction a taxpayer up to $25,000 for advancing frivolous arguments. I.R.C. § 6673(a). The Commissioner requested $10,000 in sanctions

at trial ($400 per hour for 25 hours of work). However, the Tax Court issued $20,000 in sanctions, finding the $10,000 requested by the Commissioner "too small given the number of years [taxpayer] has made these arguments and the wages he has earned during this period of time." Montero's cumulative income from Dell alone in 2003 and 2004 was over $300,000. Moreover, he has two pending tax cases in which he advances frivolous tax-protestor arguments regarding his wage earnings in 2005 and 2006, wasting further judicial resources. Accordingly, the Tax Court did not abuse its discretion in assessing a $20,000 sanction.

For the foregoing reasons, we AFFIRM the decision of the Tax Court.