[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12062
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00094-WLS

IRVIN E. TALIAFERRO,

Plaintiff-Appellant,

versus

FREEMAN,
IRS,

Defendant,

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 29, 2014)

Before MARCUS, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

Irvin E. Taliaferro, proceeding *pro se*, filed a complaint seeking to enjoin the Internal Revenue Service from issuing notices of levy and directing it to return monies already seized as a result of its notices of levy. The district court dismissed for failure to state a claim and for lack of subject-matter jurisdiction.

On appeal, Mr. Taliaferro argues he is not a taxpayer, and is not subject to federal taxation, because (1) the Sixteenth Amendment authorizes the imposition of excise taxes but not income taxes; (2) Congress has taxing authority over only federal enclaves; (3) IRS levies may be served only to collect taxes owed by federal employees; and (4) although he is a United States citizen, for purposes of the tax code, he is a nonresident alien who is subject to taxation only on income that is connected with the conduct of a trade or business. Mr. Taliaferro also contends that the levies violate his Fourth Amendment right to be free from unreasonable seizures and his Fifth Amendment right to due process. Mr. Taliaferro's arguments are unavailing, and we affirm.

# I

"We review dismissals for lack of federal subject-matter jurisdiction *de novo*." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). Plenary review

2

also applies to dismissals for failure to state a claim. *Magluta v. Samples*, 256 F.3d 1282, 1283 (11th Cir. 2001).

Apart from several statutory exceptions not applicable here, the Anti-Injunction Act, 26 U.S.C. § 7421(a), "generally forbids courts to restrain the IRS from assessing or collecting a tax." *Hempel v. United States*, 14 F.3d 572, 573 (11th Cir. 1994). The Act bars not only suits that directly seek to restrain the assessment or collection of taxes, but also suits that seek to restrain IRS activities "'which are intended to or may culminate in the assessment or collection of taxes.'" *Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir.), *modified on other grounds*, 646 F.2d 223 (5th Cir. May, 1981) (quoting *United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir. 1976)). Under a judicially-created exception to the Act, "no injunction will issue unless the plaintiff can show that under no circumstances could the government ultimately prevail and there exists an independent basis for equity jurisdiction." *Hobson v. Fischbeck*, 758 F.2d 579, 581 (11th Cir. 1985) (citing *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962)). Even if the government cannot ultimately prevail, however, an injunction will not issue where the plaintiff has an adequate remedy at law. *Id.*

Mr. Taliaferro sought injunctive relief in the form of an order directing the IRS to cease collecting taxes from him by levy and to return to him all monies

3

already collected by levy.   Because the relief Mr. Taliaferro requested would restrain the IRS from collecting his unpaid tax liability, the suit was barred by the Tax Anti-Injunction Act.  *See* § 7421(a); *Kemlon Prods.*, 638 F.2d at 1320.[1]

The judicially-created exception to the Act does not apply because the government would likely prevail on Mr. Taliaferro's meritless claims.   First, Congress has the power to lay and collect taxes, and the IRS is charged with enforcing the collection of taxes.  *Madison v. United States*, 758 F.2d 573, 574 (11th Cir. 1985).   Second, "[for nearly a century], the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves." *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990).  Third, we previously rejected as frivolous Mr. Taliaferro's argument that the federal income tax only applies to federal employees.  *See Taliaferro v. C.I.R.*, 272 F. App'x 831, 833 (11th Cir. 2008).  Fourth, Mr. Taliaferro admits to being a United States citizen, and he is not a non-resident alien for purposes of the tax code.  *See* 26 U.S.C. § 7701(b)(1)(B) ("An individual is a nonresident alien if such individual is neither a citizen of the United States nor a resident of the United States[.]").   Finally, Mr.

---

[1] "[T]he federal tax exception to the Declaratory Judgment Act[, 28 U.S.C. § 2201(a),] is at least as broad as the prohibition of the Anti-Injunction Act[.]" *Mobile Republican Assembly v. United States*, 353 F.3d 1357, 1362, 1363 n.6 (11th Cir. 2003).  Thus, the district court was correct in pointing out that declaratory relief was not available to Mr. Taliaferro insofar as he sought to have actions taken by the IRS declared illegal.

Taliaferro's arguments as to the Fourth and Fifth Amendments and their applicability in this case are simply without merit, and do not warrant further discussion.

Even if we were to assume that the government was sure to lose on the merits of Mr. Taliaferro's claims, an injunction would still be improper because Mr. Taliaferro "has an adequate remedy at law—he can pay the disputed taxes and then sue for a refund." *Hobson*, 758 F.2d at 581. *See also* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary."); *Flora v. United States*, 362 U.S. 145, 157 (1960) (construing 28 U.S.C. § 1346(a)(1) as requiring full payment of taxes owed before bring suit against the United States). Mr. Taliaferro admits that he has not filed an income tax return since 1995, and therefore has chosen not to avail himself of this remedy.

We therefore affirm the district court's dismissal of Mr. Taliaferro's complaint.

## III

The government, by separate motion, asks us to impose sanctions on Mr. Taliaferro. We agree that sanctions are warranted.

5

Pursuant to Federal Rule of Appellate Procedure 38, if we "determine[ ] that an appeal is frivolous, [we] may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." We have held that sanctions are appropriate "where an appeal is patently frivolous, *Hobson*, 758 F.2d at 581, and have "indicated that [we] will impose double costs and attorney's fees where a taxpayer prosecutes a frivolous appeal." *Ricket v. United States*, 773 F.2d 1214, 1216 (11th Cir. 1985). Although we are generally reluctant to do so, we have imposed sanctions on *pro se* litigants in certain situations. *See United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008) (citing cases). Sanctions have been imposed, for example, where the "appellant's contentions are stale and have long been settled." *McNair v. Eggers*, 788 F.2d 1509, 1510 (11th Cir. 1986).

By Mr. Taliaferro's own admission, he is no novice when it comes to tax law. In his brief to this Court, he boasts about spending "two years researching the tax codes relative to tax on income, [ ] Supreme Court Decisions, the Uniform Commercial Codes and Federal Court Decisions." Appellant's Br. at 3. Mr. Taliaferro's instant complaint and arguments before this Court are essentially an attempt to re-litigate whether the government has the authority to assess taxes against him and to collect those taxes by levy. His arguments are without any arguable merit, as we explained in our 2008 decision involving Mr. Taliaferro. *See*

6

*Taliaferro*, 272 F. App'x at 833.  As discussed above, his contentions "have long been settled."

Federal courts should not countenance the prosecution of frivolous appeals. In the interest of judicial economy, and in an attempt to dissuade meritless appeals like this one, we find that sanctions against Mr. Taliaferro are appropriate.  We direct the district court, upon receipt of the mandate and after a hearing, to determine the appropriate amount of sanctions against Mr. Taliaferro, up to and including double costs.  *See* Fed. R. App. P. 38; *Hobson*, 758 F.2d at 581.

**AFFIRMED; SANCTIONS IMPOSED.**