[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12126
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-00113-LJA

IRVIN E. TALIAFERRO,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 25, 2017)

Before MARCUS, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Irvin E. Taliaferro filed this *pro se* action seeking to enjoin the Internal Revenue Service ("IRS") from issuing notices of levy to collect unpaid income taxes and to force the IRS to return to him all monies already seized as a result of its levies. The district court dismissed Taliaferro's complaint *sua sponte*, pursuant to 28 U.S.C. § 1915(e), for frivolity and for lack of subject-matter jurisdiction.

On appeal, Taliaferro first argues that the district court procedurally erred in dismissing his complaint because, in his view, § 1915(e) does not apply to non-prisoners. Next, on the substance of his claims, Taliaferro contends that he is not a "taxpayer" with taxable "income." He asserts that taxable income does not include compensation for labor or services. He also appears to argue that the IRS lacks the authority to collect income taxes beyond federal land or from private citizens who are not federal employees. Taliaferro's arguments are unavailing. We affirm.

We review *de novo* a district court's decision to dismiss an action for lack of federal subject-matter jurisdiction. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). We review a district court's *sua sponte* dismissal for frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion, though a district court's ruling on issues of *res judicata* is reviewed *de novo*. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). We liberally construe the filings of *pro se* parties. *Id.*

Initially, the district court did not procedurally err by relying on § 1915(e) in its dismissal order. *In forma pauperis* ("IFP") proceedings are governed by 28

2

U.S.C. § 1915.  The statute is intended to provide all indigent litigants with meaningful access to courts by removing the obstacle of poverty.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1988).  Congress recognized, however, that an indigent litigant, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous or repetitive lawsuits.  *Id.*  To prevent such frivolous or abusive litigation, Congress authorized the federal courts to dismiss IFP actions *sua sponte* on various grounds.[1]  *Id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Thus, under § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.  *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *see also Troville v. Venz*, 303 F.3d 1256, 1259–60 (11th Cir. 2002) ("find[ing] no error" in the district court's dismissal of a non-prisoner's complaint under § 1915(e)(2)(B)(ii)).

In any case, even assuming without deciding that § 1915(e) did not apply, "a court *sua sponte* can raise a jurisdictional defect at any time, leading to dismissal of the relevant action."  *Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Here, *sua sponte* dismissal was appropriate because the district court correctly determined that it

---

[1] Currently, § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).

3

lacked subject-matter jurisdiction pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421(a). *See Leves v. I.R.S., Comm'r*, 796 F.2d 1433, 1434-35 (11th Cir. 1986) (affirming dismissal of complaint for lack of subject-matter jurisdiction where the Anti-Injunction Act barred the suit).

The Anti-Injunction Act (the "Act"), 26 U.S.C. § 7421(a), apart from several statutory exceptions not applicable here, "generally forbids courts to restrain the IRS from assessing or collecting a tax." *Hempel v. United States*, 14 F.3d 572, 573 (11th Cir. 1994); *see* 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."). The Act bars not only suits that directly seek to restrain the assessment or collection of taxes, but also suits aimed at interfering with "activities which are intended to or may culminate in the assessment or collection of taxes." *Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir. March 1981), *modified on other grounds*, 646 F.2d 223 (5th Cir. 1981) (quotation marks omitted).[2]

We have recognized a judicial exception to the Act applicable if the plaintiff shows both that "(1) under no circumstances could the government ultimately prevail on its tax claim and (2) equity jurisdiction otherwise exists." *Mathes v.*

---

[2] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4

*United States*, 901 F.2d 1031, 1033 (11th Cir. 1990).  Equitable relief is not available if the plaintiff has an adequate remedy at law.  *Hobson v. Fischbeck*, 758 F.2d 579, 581 (11th Cir. 1985).

In his complaint, Taliaferro sought injunctive relief in the form of an order directing the IRS to cease collecting taxes from him by levy and to return to him all monies already collected by levy.  Accordingly, the Anti-Injunction Act bars his lawsuit unless an exception applies.  *See* 26 U.S.C. § 7421(a); *Kemlon Prods.*, 638 F.2d at 1320; *see also Taliaferro v. Freeman*, 595 F. App'x 961, 962–63 (11th Cir. 2014) (reaching the same result).[3]  But Taliaferro has not shown that an exception applies.

The judicially created exception to the Act does not apply because, as we explained in Taliaferro's prior appeal raising similar claims, "the government would likely prevail on Mr. Taliaferro's meritless claims."  *Taliaferro*, 595 F. App'x at 963 (rejecting similar claims).  We previously have rejected, as frivolous, arguments that wages are not taxable income and that the income tax applies only to the federal government and its employees.  *See Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986) (determining as frivolous, among other things,

---

[3] Taliaferro previously filed a materially similar lawsuit, which was likewise dismissed for lack of subject-matter jurisdiction under the Anti-Injunction Act.  *See Taliaferro v. Freeman*, 595 F. App'x 961, 962–63 (11th Cir. 2014).  We discern no meaningful difference between the claims and arguments we address in this case and those Taliaferro presented in that earlier case, but, regardless of whether *res judicata* applies, the Anti-Injunction Act plainly bars his current complaint.

5

arguments that only public servants are subject to tax liability and that wages are not income subject to tax); *Biermann v. C.I.R.*, 769 F.2d 707, 708 (11th Cir. 1985) (stating that similar arguments were "patently frivolous, have been rejected by courts at all levels of the judiciary, and . . . warrant no further discussion"); *see also United States v. Pilcher*, 672 F.2d 875, 877 (11th Cir. 1982) ("Every income earner is required to file an income tax return.").

In addition, even if Taliaferro could show that the government was sure to lose on the merits of his claims, an injunction still would be improper because Taliaferro has "an adequate remedy at law—he can pay the disputed taxes and then sue for a refund." *Hobson*, 758 F.2d at 581; *see also* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary."). Taliaferro admits that he has not filed an income-tax return for any year that the IRS is claiming that income taxes are owed. So, he has chosen not to avail himself of this remedy.

We therefore affirm the district court's dismissal of Taliaferro's complaint.[4]

**AFFIRMED.**

---

[4] Taliaferro's "Motion for Judgement" is **DENIED**.