T.C. Memo. 2021-77

UNITED STATES TAX COURT

JAMILLAH KAMILLAH MUHAMMAD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7296-20.                    Filed June 29, 2021.

Jamillah Kamillah Muhammad, pro se.

<u>Michael Skeen</u>, <u>Trent D. Usitalo</u>, and <u>Jennifer C. Arthur</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  The question presented in this case is whether petitioner is taxable on wages of $48,535 received from her employer during 2016.  Petitioner contends that her wages were not subject to Federal income tax because she was not engaging in the "exercise of Federal privileges."  Finding her argument to be frivolous, we will sustain the deficiency of $5,326 determined by the Internal Rev-

[*2] enue Service (IRS or respondent) and impose a penalty of $250 under section 6673(a)(1)(B).[1]

## FINDINGS OF FACT

These findings of fact are based on the pleadings, the documents admitted into evidence during trial, and petitioner's trial testimony. Petitioner resided in California when she timely petitioned this Court.

During 2016 petitioner was employed by Samuel Merritt University (University) in Oakland, California. She did not testify as to the nature of the services she performed. The University issued to her and submitted to the IRS a Form W-2, Wage and Tax Statement. That form stated that the University during 2016 had paid petitioner wages of $48,535 and had withheld from her wages Federal income tax of $1,770, Social Security tax of $3,009, and Medicare tax of $703. The Form W-2 also indicated that the University had incurred a cost of $10,842 for providing employer-sponsored health coverage to petitioner.

For 2016 petitioner filed with the IRS Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents. On that return she reported wages of zero, taxable interest of $15, taxable income of $15, and a tax liability of $2. She

---

[1]All statutory references are to the Internal Revenue Code of 1986 as in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*3]** reported that $5,483 of Federal income tax had been withheld. That sum equaled the total of Federal income tax, Social Security tax, and Medicare tax withheld by the University as reported on the Form W-2. She claimed a refund of $5,481.

Petitioner did not include with her return the Form W-2 that the University had given her. Rather, she submitted a Form 4852, Substitute for Form W-2, that she had prepared. Taxpayers are instructed to complete a Form 4852 "when (a) your employer or payer does not issue a Form W-2 * * * or (b) an employer or payer has issued an incorrect Form W-2."

On the Form 4852 petitioner listed the University as her "employer or pay-er." She stated that the University had withheld Federal income tax of $1,770, Social Security tax of $3,009, and Medicare tax of $703, as shown on the Form W-2. However, she asserted on line 7 that she had received from the University "[w]ages, tips, and other compensation" of zero.

Line 9 of Form 4852 asks the taxpayer to explain how she determined the amounts shown on line 7. Petitioner wrote in part as follows: "The 'wages' listed on the Form W-2, provided by the university, do not comply with the definition for 'wages' according to IRC §§ 3401 and 3121. However, all of the withholding amounts, listed on the Form W-2 by the university are correct."

**[\*4]** On January 8, 2020, the IRS issued petitioner a timely notice of deficiency determining a deficiency of $5,326. The IRS adjusted petitioner's gross income upward by $48,535 (from $15 to $48,550); allowed deductions of $10,350 (as claimed by petitioner on an amended return); calculated tax of $5,328 on taxable income of $38,200; and allowed an offset of $2 for tax shown on the return. The notice also determined an accuracy-related penalty of $1,065. See sec. 6662(a). Respondent subsequently conceded the penalty because the IRS did not secure timely supervisory approval for it. See sec. 6751(b)(1).

Our Rules require the parties to stipulate before trial "all facts, all documents * * * , and all evidence which fairly should not be in dispute." Rule 91(a)(1). Petitioner declined to stipulate any facts, documents, or other evidence. Respondent accordingly submitted as proposed trial exhibits: (1) the notice of deficiency issued to petitioner for 2016; (2) the IRS wage and income transcript for her 2016 tax year, which included the Form W-2 information supplied by the University; and (3) a copy of the 2016 Form 1040X, Amended U.S. Individual Income Tax Return, that petitioner had submitted to the IRS in September 2019.

Petitioner filed a motion in limine seeking to exclude the first two documents from evidence on the grounds of "[h]earsay, lack of foundation, lack of personal knowledge, no opportunity to cross-examine, declaration not signed un-

**[*5]** der penalty of perjury, declaration not dated, irrelevant, [and] calls for speculation." She asserted that the notice of deficiency was inadmissible as "needlessly presenting cumulative evidence." She asserted that her own Form 1040X should be excluded from evidence on the grounds of "[i]rrelevan[ce], unfair prejudice, confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence." We denied her motion and admitted respondent's proposed trial exhibits into evidence. We also admitted into evidence five of petitioner's proposed trial exhibits, including her 2016 Form 1040EZ and correspondence she had received from the IRS.

Petitioner admitted at trial that she had received payments from the University during 2016 but insisted that these payments were not "wages." When asked whether she had performed services for the University during 2016, she refused to answer. When asked what kind of payment the University had made to her, if not wages, she refused to answer. When asked why she did not report the payments as taxable income, she replied that nothing she did in connection with the University was the "exercise of Federal privileges." When asked why that mattered in determining whether she had received taxable income, she professed reliance on sections 3401 and 3121.

**[*6]**                              OPINION

A.    Gross Income

Section 61(a) provides that "gross income means all income from whatever source derived," including "[c]ompensation for services."  Sec. 61(a)(1).  In cases of unreported income, the Commissioner must establish an evidentiary foundation connecting the taxpayer to the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361 (9th Cir. 1979), rev'g 67 T.C. 672 (1977), or demonstrate that the taxpayer actually received income, Edwards v. Commissioner, 680 F.2d 1268, 1270-1271 (9th Cir. 1982).  Form W-2 information supplied to the IRS by the taxpayer's employer is sufficient to meet this burden.  See Hardy v. Commissioner, 181 F.3d 1002, 1004-1005 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.  Once the Commissioner has met his threshold burden, the burden shifts to the taxpayer to show that the IRS determination of income was arbitrary or erroneous.  Ibid.

The IRS may not rely solely on a third-party report of income, such as a Form W-2, if the taxpayer raises a reasonable dispute concerning the accuracy of the report.  See sec. 6201(d).  Petitioner has not done so.  On the Form 4852 that she herself prepared, she admitted that the University was her "employer or payer."  She admitted that a "Form W-2 [had been] provided by the university" and

**[*7]** that "wages [were] listed on the Form W-2." And she admitted that the amounts of withholding shown on the Form W-2 were correct. Petitioner thus bears the burden of proving that the IRS erred in determining that she received unreported income of $48,535.[2]

In contending that she did not receive taxable "wages," petitioner relies on a provision of chapter 24, subchapter A, which governs withholding of income tax from wages.[3] Section 3401(a) defines "wages" to mean "all remuneration * * * for services performed by an employee for his employer." Section 3401(a) specifies 23 narrow exceptions to that rule, but petitioner does not rely on any of those. Rather, she relies on section 3401(c), which provides that, "[f]or purposes of this chapter, the term 'employee' includes an officer, employee, or elected official of the United States" or agency thereof. Because petitioner was not "exercising a Federal privilege" when performing services for the University, she asserts that

---

[2]The withholding rate for Social Security tax is "6.2 percent of the wages * * * received by the individual with respect to employment." Sec. 3101(a). Petitioner concedes that the University correctly withheld $3,009 of Social Security tax. That amount is 6.2% of $48,535, the wages reported on the Form W-2. The withholding rate for Medicare tax for most taxpayers is "1.45 percent of wages * * * received * * * with respect to employment." Sec. 3101(b)(1). Petitioner concedes that the University correctly withheld $703 of Medicare tax. That amount is 1.45% of $48,535, the wages reported on the Form W-2.

[3]Petitioner advances a similar argument in reliance on sec. 3121(a), which defines "wages" for purposes of withholding other employment taxes.

**[\*8]** she was not an "employee" and thus earned no "wages" as defined by section 3401(a).

This is a time-worn tax-protestor argument that no court has ever accepted. Section 3401(c) provides that the term "employee" "includes" Federal officers and employees; it does not say that the term "employee" "consists exclusively" of Federal officers and employees. See sec. 7701(c) ("The terms 'include' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined."); Sims v. United States, 359 U.S. 108, 112 (1959); Wnuck v. Commissioner, 136 T.C. 498, 506 (2011) ("Anyone fluent in English knows that the word 'includes' cannot be assumed to mean 'includes only[.]'"). By providing that wages "means all remuneration * * * for services performed by an employee," subject only to enumerated exceptions, section 3401(a) makes it obvious that "employees" are not limited to Government employees. In any event section 3401(c) applies only "[f]or purposes of this chapter," viz., for purposes of chapter 24, which governs collection of income tax at the source on wages. Section 3401(c) has no application to chapter 1, subchapter B, which governs the computation of taxable income.

For these reasons (and others), the courts have repeatedly rejected the argument that petitioner advances here. See Taliaferro v. Freeman, 595 F. App'x 961,

**[*9]** 962-963 (11th Cir. 2014) (per curiam) (calling the argument "frivolous" and "meritless"); <u>Montero v. Commissioner</u>, 354 F. App'x 173, 175 (5th Cir. 2009) (per curiam) (calling it "frivolous" and a "tax-protester argument[]"); <u>Sullivan v. United States</u>, 788 F.2d 813, 815 (1st Cir. 1986) (per curiam) (calling it "meritless"); <u>United States v. Latham</u>, 754 F.2d 747, 750 (7th Cir. 1985) (calling it a "preposterous reading of the statute"). We accordingly sustain the adjustment of $48,535 to petitioner's 2016 gross income.

B.     Frivolous Position Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty, not in excess of $25,000, "[w]henever it appears to the Tax Court that--(A) proceedings before it have been instituted or maintained * * * primarily for delay, [or] (B) the taxpayer's position in such proceeding is frivolous or groundless." The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial and IRS resources. <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71-72 (7th Cir. 1986); <u>Salzer v. Commissioner</u>, T.C. Memo. 2014-188, 108 T.C.M. (CCH) 284, 287. "Frivolous and groundless claims divert the Court's time, energy, and resources away from more serious claims and increase the needless cost imposed on other litigants." <u>Kernan v. Commissioner</u>, T.C. Memo. 2014-228, 108 T.C.M. (CCH) 503, 512,

**[*10]** aff'd, 670 F. App'x 944 (9th Cir. 2016); see Kile v. Commissioner, 739 F.2d 265, 269-270 (7th Cir. 1984) ("[W]e can no longer tolerate abuse of the judicial review process by irresponsible taxpayers who press stale and frivolous arguments[.]"), aff'g Basic Bible Church v. Commissioner, 74 T.C. 846 (1980), and Basic Bible Church of Am., Auxiliary Chapter 11004 v. Commissioner, T.C. Memo. 1983-287.

Petitioner's argument that wages are not taxable unless received by a Federal employee is a frivolous argument. See, e.g., Briggs v. Commissioner, T.C. Memo. 2016-86, 111 T.C.M. (CCH) 1389, 1391-1392 (imposing a $3,000 penalty on a taxpayer who made the same argument); Waltner v. Commissioner, T.C. Memo. 2014-35, 107 T.C.M. (CCH) 1189, 1200-1201, 1203 (imposing a $2,500 penalty), aff'd, 659 F. App'x 440 (9th Cir. 2016). The IRS publishes and occasionally updates "The Truth About Frivolous Tax Arguments," a compendium of frivolous positions and the case law refuting them. Petitioner's argument is included in that compendium. The Truth About Frivolous Tax Arguments, Internal Revenue Service (March 2018), https://www.irs.gov/pub/taxpros/frivolous_truth_march_2018.pdf (last visited June 24, 2021); see Rev. Rul. 2006-18, 2006-1 C.B. 743, 743 (emphasizing to taxpayers and preparers that the argument advanced by petitioner here "has no merit and is frivolous"). Although petitioner has no legal

[*11] training, had she made even a modest inquiry using an internet search engine she would have found the copious authorities refuting her stance. See Wnuck v. Commissioner, 136 T.C. at 504 ("Anyone with the inclination to do legal research * * * will confront such authorities.").

We warned petitioner during the calendar call that she risked a penalty if she advanced frivolous arguments and that "wages are not income" is a frivolous argument. Despite this warning, petitioner persisted throughout the trial on the path on which she had embarked. Counsel for respondent urged that a section 6673 penalty was appropriate, representing that she had repeatedly advised petitioner in pretrial communications that she was advancing a frivolous position.

We conclude that a penalty is appropriate. When we advised petitioner at trial that we would consider imposing such a penalty, she stated that she was now unemployed and that a penalty would cause her financial hardship. Taking her at her word, we will impose a modest penalty of $250. But we warn petitioner that she will risk a much more severe penalty if she advances frivolous positions in any future appearance before this Court.

We have considered all remaining arguments the parties made and, to the extent not addressed, we find them to be irrelevant or meritless.

[*12] To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.