# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60190
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2024

Lyle W. Cayce
Clerk

Adolfo Sandor Montero,

*Petitioner—Appellant*,

*versus*

Commissioner of Internal Revenue,

*Respondent—Appellee*.

————————————————————————

Appeal from the Tax Court, Internal Revenue Service
Agency No. 22454-21

————————————————————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.
Per Curiam:[*]

   Adolfo Montero is no stranger to making frivolous arguments to avoid paying income tax. In this case, he argues that he is not subject to income tax because he declined to withhold income taxes. Because that argument is frivolous, we AFFIRM the tax court's grant of summary judgment and imposition of a $25,000 fine.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60190

In 2017, Montero received a salary of $299,927 from Dell Technologies, Inc. Montero claimed to be exempt from federal income tax, so Dell withheld only $4,882.94. On his tax return, Montero reported zero wages and asked for a refund. The Commissioner of Internal Revenue determined that Montero owed $88,872 in income tax. Montero appealed the tax deficiency to the tax court. The tax court granted the Commissioner's motion for summary judgment and imposed a $25,000 sanction for advancing frivolous arguments. Montero appeals.

This is not Montero's first appeal challenging the tax court's conclusions. *Montero v. Comm'r*, 354 F. App'x 173 (5th Cir. 2009) (per curiam). There, a panel of this court affirmed the tax court, explaining that Montero's income from Dell is taxable and the tax court did not abuse its discretion in issuing a $20,000 sanction for making frivolous arguments. *Id.* at 176.

Here, Montero raises numerous issues, generally asserting error in the tax court's grant of the Commissioner's motion for summary judgment and imposition of the $25,000 sanction.

In assigning error to the summary judgment order, Montero raises questions of law, which we review de novo. *Whitehouse Hotel Ltd. v. Comm'r*, 615 F.3d 321, 333 (5th Cir. 2010). Montero asserts that regulations relating to withholding exemptions and agreements are a trump card to avoid income tax. *See* Treas. Reg §§ 31.3401(a)-3, 31.6051-1(b). Not so. There is a difference between withholding of income taxes and taxable income. The regulations Montero points to address the former, and do not implicate the latter. Put simply, Montero cannot avoid income tax by claiming to be

No. 24-60190

exempt from withholding.[1]    The tax court properly granted summary judgment.

Additionally, the tax court did not abuse its discretion in issuing a sanction for maintaining frivolous positions.  I.R.C. § 6673(a); *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006) (per curiam).  Montero has been repeatedly warned—in the proceeding below, as well as numerous prior proceedings—of the risk of advancing frivolous arguments, yet he continues to advance those arguments.  Given Montero's extensive history advancing groundless arguments, imposing the maximum sanction of $25,000 was not an abuse of discretion.  *Montero*, 354 F. App'x at 176.[2]

The judgment of the tax court is AFFIRMED.

---

[1] Montero also makes the long-rejected argument that income tax is an excise tax, and Montero is not liable for such a tax. *Davis v. United States*, 742 F.2d 171, 172 (5th Cir. 1984) (per curiam).  We continue to reject that argument.

[2] Montero cursorily asserts error in the tax court's denial of his motion in limine and motion for reconsideration.  Regarding the motion in limine, Montero asserts prejudice, but fails to explain how the denial was an abuse of discretion. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) (reviewing decision on motion in limine for prejudice and abuse of discretion).  Regarding the motion for reconsideration, Montero simply rehashed rejected arguments, which does not warrant granting a motion for reconsideration. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).  We are also unconvinced by Montero's allegations of the tax court's bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").