# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2026

Lyle W. Cayce
Clerk

No. 26-60167
Summary Calendar

---

Aldofo Sandor Montero,

*Petitioner—Appellant*,

*versus*

Commissioner of Internal Revenue,

*Respondent—Appellee*.

---

Appeal from the Tax Court, Internal Revenue Service
Agency No. 10107-24L

---

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

*Pro se* Petitioner Aldofo Sandor Montero appeals the Tax Court's decision upholding the Internal Revenue Service ("IRS") Independent Office of Appeals' imposition of a frivolous-filing penalty for the taxable year 2020. He also appeals that court's imposition of a $25,000 sanction for advancing a frivolous position. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-60167

"Adolfo Montero is no stranger to making frivolous arguments to avoid paying income tax." *Montero v. Comm'r of Internal Revenue*, No. 24-60190, 2024 WL 4491604, *1 (5th Cir. Oct. 15, 2024) (per curiam). On several occasions, we have encountered—and rejected—his assertion that his salary from Dell is not taxable income. *See Montero v. Comm'r of Internal Revenue*, No. 24-60302, 2024 WL 5105532, at *1 (5th Cir. Dec. 9, 2024) (per curiam); *Montero*, 2024 WL 4491604, at *1; *Montero v. Comm'r of Internal Revenue*, 354 F. App'x 173, 175 (5th Cir. 2009) (per curiam). We reject them again. *See Parker v. Comm'r of Internal Revenue*, 724 F.2d 469, 471–72 (5th Cir. 1984) ("[I]t seems incredible that we would again be required to hold that the Constitution, as amended, empowers the Congress to levy an income tax against any source of income . . . .").

For similar reasons, the tax court did not abuse its discretion in issuing a sanction. "Montero has been repeatedly warned—in the proceeding below as well as numerous prior proceedings—of the risk of advancing frivolous arguments, yet he continues to advance those arguments." *Montero*, 2024 WL 4491604, at *1. "Given Montero's extensive history advancing groundless arguments, imposing the maximum sanction of $25,000 was not an abuse of discretion." *Id.*; *see also Montero*, 354 F. App'x at 176 (finding no abuse of discretion for sanctions against Montero).

The judgment of the Tax Court is thus AFFIRMED.