T.C. Memo. 2016-86

UNITED STATES TAX COURT

STEPHEN H. BRIGGS AND PATRICIA A. BRIGGS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3845-14.                          Filed May 2, 2016.

Stephen H. Briggs and Patricia A. Briggs, pro sese.

Skyler K. Bradbury and Charles B. Burnett, for respondent.

MEMORANDUM OPINION

LAUBER, Judge: Petitioners are tax protesters. With respect to their

Federal income tax for 2010, the Internal Revenue Service (IRS or respondent)

determined a tax deficiency of $7,158 and an accuracy-related penalty of $1,432

[*2] under section 6662(a).[1] Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of fact and that he is entitled to judgment as a matter of law. Petitioners have not responded to this motion. We will grant the motion for summary judgment and sustain the tax deficiency and penalty. We will also require petitioners to pay under section 6673(a)(1) an additional penalty to the United States in the amount of $3,000 for advancing frivolous positions in this Court.

## Background

The following facts are derived from the parties' pleadings and respondent's motion papers, including the affidavits and exhibits attached thereto. Petitioners resided in Utah when they filed their petition.

During 2010 petitioner-husband was employed by Comcast Cable Holdings, LLC, and by the U.S. Census Bureau. Petitioner-wife was employed by Christus Health Utah and by Matthew A. Baker. Both petitioners received some unemployment compensation during 2010, and petitioner-husband also received an individual retirement account (IRA) distribution. Petitioners' private-sector employers

---

[1] All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar.

[*3] furnished them with Forms W-2, Wage and Tax Statement, reporting that petitioners had been paid wages during 2010 in the following amounts:

| Payor | Amount |
| --- | --- |
| Christus Health Utah | $40,470 |
| Comcast Cable Holdings, LLC | 17,284 |
| Matthew A. Baker | 7,449 |
| Total | 65,203 |

Petitioners jointly filed a Form 1040A, U.S. Individual Income Tax Return, for 2010. They reported as income their unemployment compensation, the IRA distribution, and $235 of wages. After claiming various exemptions and deductions, they reported zero taxable income and zero tax due.

Petitioners reported on their 2010 return no wage income from their three private-sector employers. This reflected the well-worn tax-protester argument that only wages paid by the U.S. Government--here, the $235 paid to petitioner-husband by the Census Bureau--constitute taxable income. Petitioners completed and attached to their 2010 return three Forms 4852, Substitute for Form W-2, Wage and Tax Statement. Taxpayers are instructed to file this form when they do not receive a Form W-2 or where the Form W-2 supplied by their employer is incorrect. Petitioners averred on the Forms 4852 that the "wages, tips, and other compensa-

**[*4]** tion" they received from each of their private-sector employers during 2010 was zero.[2]

The IRS selected petitioners' 2010 return for examination. Following this examination, the IRS sent them a timely notice of deficiency. This notice determined a deficiency of $7,158 based on their unreported wage income of $65,203.

Petitioners timely petitioned this Court. They stated, as the basis for their disagreement with respondent's position, that the IRS had "erred in ignoring our sworn testimony in favor of erroneous information returns." They asserted that the Forms W-2 "are anonymous hearsay documents"; that the "[a]mounts listed in the notice under Taxable Wages are not correct"; and that "[t]he IRS has failed to comply with regulations specifying the method of assessing tax."

One month later petitioners filed an amended petition that detailed their tax-protester arguments with greater specificity. This document asserted, among other things: (1) that the IRS "willfully denied" their Fifth Amendment rights against self-incrimination; (2) that petitioners "affirmatively dispute and rebut the receipt of 'wages'" from non-government payors; (3) that the IRS' reliance on the Forms

---

[2]The instructions to Form 4852 inform taxpayers: "If you received an incorrect Form W-2 * * * , you should always attempt to have your employer * * * issue a corrected form before filing Form 4852." There is no evidence that petitioners attempted to do this.

[*5] W-2 denied petitioners due process of law under the Fifth and Fourteenth Amendments; (4) that the payors of their wages were not "employers" as defined in section 3401(d); and (5) that petitioners were not "employees" as defined in section 3401(a). These assertions were followed by eight pages of incoherent legalese evidently downloaded from tax-protester Web sites.

Much procedural skirmishing followed. As relevant here, petitioners filed a second amended petition, reiterating the arguments in their first amended petition and advancing irrelevant contentions about collection due process and respondent's alleged failure to comply with "the Revenue Act of 1862." They next filed a document asserting that the IRS "had acted lawlessly" in examining their returns; that their receipt of money from their employers "is immaterial"; and that they had no obligation to prove the non-taxability of their wages "because this would place the burden of proof on us, when by statute it rightfully should be on [r]espondent." On September 3, 2014, we warned petitioners that they were advancing frivolous positions. We directed their attention to section 6673(a)(1), which authorizes this Court to impose a penalty of up to $25,000 on taxpayers asserting frivolous positions.

On October 22, 2014, respondent filed an answer to petitioners' second amended petition, alleging that petitioners were liable for an accuracy-related

**[*6]** penalty under section 6662(a). On November 24, 2014, petitioners filed several motions, including a "motion to strike scandalous and impertinent content" and a motion to strike respondent's amended answer as a "sham pleading." These motions were denied.

On March 31, 2015, respondent filed a motion for summary judgment. Respondent attached as exhibits to this motion copies of documents establishing that Forms W-2 were issued to petitioners by their private-sector employers. Respondent also attached to this motion certified business records from each employer, executed by its custodian of records, confirming that the employers had paid wages to petitioners in the amounts shown on the Forms W-2. These records included copies of pay stubs issued to petitioners or a schedule of their payroll history. On April 2, 2015, we ordered petitioners to respond to the motion for summary judgment by May 4, 2015. We warned them that "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a motion for summary judgment." Petitioners ignored this order and have not responded to the IRS' motion.

**[*7]**                                  Discussion

 A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Ibid.  However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial."  Rule 121(d); see Sundstrand Corp., 98 T.C. at 520.

Petitioners have set forth no facts showing that there is a genuine dispute for trial.  Because they failed to respond to the motion for summary judgment, we could enter a decision against them for that reason alone.  See Rule 121(d).  We will nevertheless consider the motion on its merits.  We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

**[\*8]** B.     <u>Unreported Income</u>

The IRS' determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations erroneous.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  For this presumption to adhere in cases involving receipt of unreported income, respondent must provide some reasonable foundation connecting the taxpayer to the income-producing activity.  <u>See, e.g.</u>, <u>Erickson v. Commissioner</u>, 937 F.2d 1548, 1551 (10th Cir. 1996), <u>aff'g</u> T.C. Memo. 1989-552; <u>Tucker v. Commissioner</u>, T.C. Memo. 2014-51, at \*12.  Once respondent has produced evidence linking the taxpayer to an income-producing activity, the burden of proof shifts to the taxpayer to prove by a preponderance of the evidence that respondent's determinations are arbitrary or erroneous.  <u>Helvering v. Taylor</u>, 293 U.S. 507, 515 (1935); <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 76-77 (1986).

Respondent has produced, in addition to the Forms W-2 issued to petitioners, certified business records from each employer's custodian of records confirming the wages paid to petitioners during 2010 by Christus Health Utah, Comcast Cable Holdings, LLC, and Matthew A. Baker.  On the basis of this credible evidence, we are satisfied that the IRS' determinations of unreported income, as set forth in the notice of deficiency, are correct, and those determinations are accordingly

**[*9]** sustained.  See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999),

aff'g T.C. Memo. 1997-97; Powerstein v. Commissioner, T.C. Memo. 2011-271,

102 T.C.M. (CCH) 497, 506.

C .    Accuracy-Related Penalty

Section 6662(a) imposes a 20% penalty upon the portion of any underpay-

ment of tax that is attributable (among other things) to "[a]ny substantial under-

statement of income tax."  Sec. 6662(a), (b)(2).  An understatement of income tax

is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be

shown on the return.  Sec. 6662(d)(1)(A).  Under section 7491(c), the IRS bears the

burden of production with respect to the liability of an individual for any penalty.

See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Because respondent

asserted the penalty in an amended answer, respondent also bears the burden of

proof on this issue.  See Rule 142(a); Canal Corp. v. Commissioner, 135 T.C. 199,

217 (2010) ("Respondent bears the burden of proof for a penalty asserted in an

amended answer.").

The notice of deficiency determined an understatement of income tax of

$7,158, which we have sustained.  This amount exceeds $5,000 and 10% of the

total tax (i.e., $7,158) required to be shown on petitioners' 2010 return.  Respon-

[*10] dent has thus carried his burden of production by demonstrating a substantial understatement of income tax. See sec. 7491(c).

Section 6664(c)(1) provides that the accuracy-related penalty shall not be imposed with respect to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to * * * [it]." The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that may signal reasonable cause and good faith "include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Ibid.

Petitioners' assertions that wages from private-sector employers are not "income" for Federal income tax purposes are frivolous. See Grunsted v. Commissioner, 136 T.C. 455, 459-460 (2011); Pohl v. Commissioner, T.C. Memo. 2013-291, at *10. Accordingly, they have neither substantial authority nor a reasonable basis for their position. See sec. 6662(d)(2)(B)(i) and (ii). We find their arguments too lacking in any legal or factual basis to constitute a reasonable misunderstanding of the law. See sec. 1.6664-4(b)(1), Income Tax Regs. Respondent has thus borne

**[\*11]** his burden of proving that petitioners lacked reasonable cause for their underpayment. We will accordingly sustain the accuracy-related penalty as asserted in respondent's amended answer.

D.    Section 6673 Penalty

In his motion for summary judgment, respondent asks the Court to impose a penalty on petitioners under section 6673(a)(1). That section authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 if it appears that the taxpayer has instituted or maintained proceedings primarily for delay or the taxpayer's position "is frivolous or groundless." The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Salzer v. Commissioner, T.C. Memo. 2014-188, at \*11.

Petitioners were previously before this Court in Briggs v. Commissioner, T.C. Dkt. No. 11940-12 (Dec. 1, 2014) (bench opinion), where they challenged a notice of deficiency for 2009 by advancing substantially similar, and equally frivolous, contentions. While noting that we "need not address frivolous arguments," we took the trouble to do so in order "to explain to [p]etitioners that indeed their arguments are frivolous." We imposed a section 6673(a)(1) penalty of $500 as "a

**[*12]** caution" and warned petitioners that, if they appeared before this Court again and asserted similar arguments, they risked a higher penalty.

Petitioners appeared before this Court again and persisted in advancing frivolous arguments. We gave them another warning in our September 3, 2014, order. Shortly after receiving this warning, petitioners filed several pleadings, including a motion "to strike scandalous and impertinent content," a motion to strike "sham pleadings," and a memorandum in support of these motions, all of which included frivolous arguments. We again find that petitioners have asserted frivolous positions in this Court and will require them to pay to the United States under section 6673(a)(1) a penalty of $3,000. We warn petitioners that assertion of frivolous positions in any future appearance before this Court may result in a higher penalty.

To reflect the foregoing,

An appropriate order and decision will be entered.