# United States Tax Court

T.C. Memo. 2022-65

LOUIS U. GIANNINI AND DAWN M. GIANNINI,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

―――――――

Docket No. 20132-19.                                Filed June 23, 2022.

―――――――

Louis U. Giannini and Dawn M. Giannini, pro se.

*Mark J. Miller* and *Jacqueline K. Queener*, for respondent.

## MEMORANDUM OPINION

URDA, *Judge*:  Petitioners, Louis U. Giannini and Dawn M. Giannini, challenge the determination by the Internal Revenue Service (IRS) of a federal income tax deficiency of $21,326 for their 2017 tax year, as well as an addition to tax of $674 under section 6651(a)(1)[1] for the late filing of their return.  The Gianninis reported on their 2017 federal income tax return no taxable income from Mrs. Giannini's employment with National Investment Services, Inc. (Nat'l Investment), and raise in this Court frivolous arguments in support of that position. We will sustain the IRS's determinations.[2]

―――――――

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[2] The Commissioner previously conceded a penalty for a substantial understatement of income tax pursuant to section 6662(a) and (b)(2).

**Served 06/23/22**

**[*2]**                                    *Background*

Both parties have moved for summary judgment. The following facts are based on the parties' pleadings and motion papers, including the supporting affidavits and exhibits. The Gianninis lived in Wisconsin when they timely filed their petition.

I.     *The Gianninis' 2017 Work and Tax Reporting*

During 2017 Mr. Giannini worked for the U.S. Postal Service and Mrs. Giannini worked for Nat'l Investment as director of technology. The Gianninis filed a federal income tax return for 2017 that was dated May 18, 2018, and received by the IRS on June 20, 2018. On their return they reported Mr. Giannini's wage income of $60,809 but did not include any compensation from Mrs. Giannini's job.

This omission was not by happenstance, as the Gianninis explained on Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., which they attached to their return. On that form, Mrs. Giannini asserted, inter alia, that the "payments made to [her] by [Nat'l Investment] did not result from any federally privileged activity subject to excise tax and do not constitute any form of taxable income under relevant statute." Based in part on this position, the Gianninis claimed on their tax return that they were entitled to a refund of $24,480.

II.    *Notice of Deficiency*

The IRS informed the Gianninis that their tax return failed to include three payments they received in 2017 that had been reported to the IRS: (1) $99,980 in wages from Nat'l Investment to Mrs. Giannini, (2) $1,682 from the state of Wisconsin to Mrs. Giannini for a state income tax refund, and (3) $15 in interest from Park Bank to the Gianninis. In response the Gianninis acknowledged that they had erroneously failed to include refund income from Wisconsin and the interest income from their bank, but they maintained their position that Mrs. Giannini's compensation from her employment with Nat'l Investment was not taxable.

The IRS subsequently issued a notice of deficiency with respect to 2017. The notice determined a deficiency in the Gianninis' income tax of $21,326 based on an increase to their taxable income of $101,677. The notice further determined an addition to tax under section 6651(a)(1) of

**[\*3]** $674 for failure to timely file their return and an accuracy-related penalty under section 6662(a) of $5,795 (which the Commissioner subsequently conceded, *see supra* note 2).

*Discussion*

I.    *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be made as a matter of law. *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Id.* The nonmoving party, however, may not rest upon the mere allegations or denials of its pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

II.    *Unreported Income*

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving them erroneous. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Cole v. Commissioner*, 637 F.3d 767, 773 (7th Cir. 2011), *aff'g* T.C. Memo. 2010-31. In cases involving failure to report income, the Court of Appeals for the Seventh Circuit, to which an appeal in this case would ordinarily lie, *see* § 7482(b)(1), has held that, "[t]o rebut the presumption of correctness . . . , [taxpayers] 'must demonstrate that the Commissioner's deficiency assessment lacks a rational foundation or is arbitrary and excessive,'" *Cole v. Commissioner*, 637 F.3d at 773 (quoting *Pittman v. Commissioner*, 100 F.3d 1308, 1313 (7th Cir. 1996), *aff'g* T.C. Memo. 1995-243).

Taxpayers "could do this by demonstrating that the Commissioner failed to make an evidentiary showing or failed to present evidence linking them to the 'alleged unreported income.'" *Id.* (quoting *Pittman v. Commissioner*, 100 F.3d at 1313). Where the presumption correctly attaches to the deficiency determination, the taxpayers bear the "burden to prove by a preponderance of the evidence that [the] determination was erroneous." *Pittman v. Commissioner*, 100 F.3d

[*4] at 1314; *see also Zuhone v. Commissioner*, 883 F.2d 1317, 1327 (7th Cir. 1989), *aff'g* T.C. Memo. 1988-142.

The payments at issue in this case are undisputed. The Commissioner has introduced IRS transcripts reflecting third-party reporting of wages of $99,980 from Nat'l Investment and a state tax refund of $1,682 from Wisconsin received by Mrs. Giannini, and interest income of $15 from Park Bank received by the Gianninis. For their part, the Gianninis have acknowledged that they received these payments and have raised no challenge to the amounts paid. The Gianninis thus bear the burden to prove by a preponderance of the evidence that the Commissioner erred in his determination that the amounts received constituted taxable income.

To try to do so, the Gianninis advance various groundless arguments directed to the nature of the income tax and its inapplicability to compensation earned by private sector employees such as Mrs. Giannini. This Court and the Seventh Circuit have rejected these contentions (and their ilk) many times. *See, e.g.*, *Harrell v. United States*, 13 F.3d 232, 235 (7th Cir. 1993) (describing as frivolous the argument that "Congress has no constitutional [taxing] authority over citizens of the states of the United States, as opposed to residents either of the District of Columbia or of U.S. territories and possessions"); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984) ("Plaintiffs also contend that the Constitution prohibits imposition of a direct tax without apportionment. They are wrong; it does not."); *Briggs v. Commissioner*, T.C. Memo. 2016-86, at *10 ("[The taxpayers'] assertions that wages from private-sector employers are not 'income' for Federal income tax purposes are frivolous."). *See generally Wnuck v. Commissioner*, 136 T.C. 498, 510–12 (2011). We do so again here and thus will sustain the IRS's deficiency determinations.

III.    *Section 6651(a)(1) Addition to Tax*

Section 6651(a)(1) imposes an addition to tax for the failure to file a required return timely unless the taxpayer can establish that such failure was due to "reasonable cause and not due to willful neglect." *United States v. Boyle*, 469 U.S. 241, 243 (1985). The Commissioner bears the initial burden of production to introduce evidence that the return was filed late. *See* § 7491(c). Once the Commissioner satisfies this burden, the taxpayer then bears the burden of proving that the addition to tax should not apply. *Mileham v. Commissioner*, T.C.

[*5] Memo. 2017-168, at *42; *see also Boyle*, 469 U.S. at 245; *Higbee v. Commissioner*, 116 T.C. 438, 447 (2001).

The Commissioner introduced evidence, and the Gianninis explicitly conceded, that they did not file their 2017 income tax return by the original due date of the return. The Gianninis nonetheless argue that the amount of the penalty was incorrect, based solely on their previously rejected, frivolous position that Mrs. Giannini's income was not taxable. We accordingly will sustain the addition to tax.

IV.    *Section 6673 Penalty*

Pursuant to section 6673(a)(1), we have the authority to impose a penalty of up to $25,000 on a taxpayer who pursues a position that is frivolous or groundless. The Gianninis seem to be relatively recent converts to the false faith of frivolous tax positions; we have seen no other case in which they have made these types of arguments. We thus choose not to impose a penalty at this time. We caution the Gianninis, however, that should they again profess these or similar arguments, they will face unhappy consequences.

V.    *Conclusion*

The IRS's deficiency determinations are sustained.

To reflect the foregoing,

*An appropriate order and decision will be entered.*