# United States Tax Court

T.C. Memo. 2023-38

DARCY-MAE ENGLERT,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 3464-22.                           Filed March 22, 2023.

————————

Darcy-Mae Englert, pro se.

*Sheida Lahabi* and *Luke D. Ortner*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, *Judge*:  In a notice of deficiency dated November 3, 2021, the Internal Revenue Service (IRS or respondent) determined a deficiency in petitioner's 2018 federal income tax of $6,164 and an accuracy-related penalty under section 6662(a) of $1,233.[1] At trial respondent conceded the section 6662(a) penalty. The remaining issues for decision are whether petitioner (1) has unreported income of $58,470 for 2018 and (2) is liable for a section 6673 penalty.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated into our findings by this reference. At the time the Petition was filed, petitioner resided in Wyoming. In 2018 petitioner

_____

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar.

[*2] worked full time as a service director at Mountain Vista Retirement Residence, Inc. (Mountain Vista), in Lander, Wyoming. Mountain Vista paid petitioner $58,470 for 2018 in connection with her employment and reported that amount on Form W–2, Wage and Tax Statement.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, and Form 4852, Substitute for Form W2, Wage and Tax Statement, or Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting zero income and zero tax liability and claiming a credit for the Social Security and Medicare taxes withheld by Mountain Vista.

In addition to the deficiency and section 6662(a) penalty determined in the notice of deficiency, respondent also determined a frivolous return penalty for 2018 under section 6702. The parties stipulated related notices and correspondence between the IRS and petitioner. Petitioner highlighted those among her grievances in her pretrial memorandum, her closing argument at trial, and a posttrial written submission that regurgitates her closing argument at trial. Those penalties, however, are not subject to the deficiency procedures, *see* § 6703(b), and we do not have jurisdiction to review them. We take the associated documents into account only insofar as the IRS correspondence advised petitioner that she was taking frivolous positions.

OPINION

I.    *Burden of Proof*

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). The record establishes, and petitioner concedes, that she received payments from Mountain Vista in connection with her employment. Petitioner does not dispute the total amount she received for 2018. She disputes only the characterization of the payments as taxable wages. Because petitioner raises only legal issues, we decide whether she is liable for the deficiency at issue without regard to the burden of proof.

II.    *Taxable Income*

Section 61(a) provides that gross income means all income from whatever source derived, including compensation for services. As noted above, petitioner does not dispute that she received payments as an employee of Mountain Vista in 2018. Rather, she argues that the

**[\*3]** payments are not taxable wages. She also argues that she has not engaged in any of the sorts of activities that are subject to tax and is not the type of taxpayer that is subject to tax.

In general, we do not address frivolous arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984); *see, e.g., Cabirac v. Commissioner*, 120 T.C. 163 (2003), *aff'd per curiam without published opinion*, No. 03-3157, 2004 WL 7318960 (3d Cir. Feb. 10, 2004); *Rowlee v. Commissioner*, 80 T.C. 1111, 1120 (1983) (rejecting the taxpayer's claim that he is not a person liable for tax); *Waltner v. Commissioner*, T.C. Memo. 2014-35 (laying out and rejecting a litany of frivolous positions), *aff'd*, 659 F. App'x 440 (9th Cir. 2016). Petitioner's assertion that her wages are not income has been identified by the Secretary as a "frivolous position[]." I.R.S. Notice 2010-33, 2010-17 I.R.B. 609, 609. And courts have repeatedly done the same. *See, e.g., Walker v. Commissioner*, T.C. Memo. 2022-63; *Briggs v. Commissioner*, T.C. Memo. 2016-86; *Lovely v. Commissioner*, T.C. Memo. 2015-135, *aff'd*, 642 F. App'x 268 (4th Cir. 2016).

Petitioner is subject to tax under the Internal Revenue Code. Petitioner repeatedly asked for legal and statutory proof that her wages are taxable. These are but a few of the cases that have rejected arguments that she has raised. Applying the law to the facts of this case, we find that petitioner received taxable wages from Mountain Vista, and we sustain respondent's deficiency determination.

III.     *Section 6673 Penalty*

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained her proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. Counsel for respondent, in her pretrial memorandum, raised the potential applicability of the penalty under section 6673(a)(1) but did not move formally for its imposition at trial, leaving it to our discretion.

We warned petitioner at trial that her arguments were frivolous and have been rejected by this and other courts, and we directed her to reread Notice 2010-33, which identifies common frivolous arguments, including some she has espoused in this case, before submitting

**[\*4]** anything in writing post trial. In her posttrial submission she claims to have read the notice and asks the Court again to point out where her arguments have been identified and rejected as frivolous. We again direct her to section III(7), which states that a position "the same as or similar to" the position that "[o]nly certain types of taxpayers are subject to income and employment taxes, such as employees of the Federal government, corporations, nonresident aliens, or residents of the District of Columbia or the Federal territories, or similar arguments described as frivolous in Rev. Rul. 2006-18, 2006-1 C.B. 743," is a frivolous position. Notice 2010-33, 2010-17 I.R.B. at 609–10; *see also* Rev. Rul. 2006-18, 2006-1 C.B. 743 (rejecting arguments similar to petitioner's regarding the definition of "employee").

Notice 2010-33 thus identified as frivolous petitioner's arguments, repeated in her posttrial submission, that she did not have wages or income because she and her wages were outside the covered class. Even after reading Notice 2010-33 as we advised, petitioner did not heed its warning: she submitted the same frivolous arguments post trial. We also warned petitioner at trial that we would take into account everything she said at trial and submitted in writing posttrial when we considered whether to impose the section 6673 penalty. Therefore, we will impose a penalty of $1,000 under section 6673(a)(1) on petitioner for continuing to take frivolous positions.

We again warn petitioner that if she does not abandon her misguided positions—e.g., that wages received for services are not taxable income, even though reported to her as such, and she is not subject to tax—a greater penalty may be imposed in future cases before this Court.

We have considered petitioner's remaining arguments, and we conclude that they also are frivolous and devoid of any basis in law. *See Crain v. Commissioner*, 737 F.2d at 1417; *Wnuck v. Commissioner*, 136 T.C. 498 (2011).

To reflect the foregoing,

*An appropriate order and decision will be entered.*