# United States Tax Court

T.C. Memo. 2023-93

ARLIN G. HATFIELD, III AND JENNIFER W. HATFIELD,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 6235-22.                              Filed July 24, 2023.

————

Arlin G. Hatfield III and Jennifer W. Hatfield, pro sese.

*John K. Parchman* and *Ardney J. Boland*, for respondent.


## MEMORANDUM OPINION

WEILER, *Judge*: In a notice of deficiency dated December 15, 2021, the Internal Revenue Service (IRS or respondent) determined a deficiency in petitioners' 2018 joint federal income tax of $50,441 and an accuracy-related penalty pursuant to section 6662(a)[1] of $10,088. Respondent has filed a Motion for Summary Judgment, and the issues for decision are whether (1) petitioners failed to report wages of $309,986 for the 2018 tax year, (2) petitioners are liable for an accuracy-related penalty under section 6662(a), and (3) a section 6673 penalty is appropriate.

Finding petitioners' arguments disputing the unreported wages to be entirely frivolous, and there being no issue of material fact in

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C. or Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*2] dispute, we will grant respondent's Motion for Summary Judgment and impose a section 6673 penalty of $5,000.

## *Background*

Petitioners resided in Mississippi when they timely filed their Petition. However, this is not petitioners' first time before the Tax Court. In *Hatfield v. Commissioner*, T.C. Memo. 2022-59, *aff'd per curiam without published opinion*, No. 22-60504, 2022 WL 19038050 (5th Cir. Nov. 2, 2022), we decided by summary judgment petitioners' federal income tax deficiencies for the 2013 and 2014 tax years, which were also related to unreported wages.

The frivolous arguments and circumstances being raised by petitioners are identical to those found in our prior opinion, and we adopt those discussions herein by reference. *See id.* Petitioners do not dispute Dr. Hatfield's employment as a radiologist and wages of $309,986 reported on his Form W–2, Wage and Tax Statement, for the tax year in question. Rather, petitioners excluded all wages paid to Dr. Hatfield on their joint 2018 federal income tax return and contend that wages of U.S. citizens do not constitute taxable income.

## *Discussion*

### I.   *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment we construe factual materials and draw inferences therefrom in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials of his pleadings but, rather, must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520. Finding no material dispute of fact present in this case, we determine this matter is ripe for summary adjudication.

**[\*3]** II.    *Petitioners' Contentions*

Notwithstanding our prior decision, petitioners' frivolous arguments remain unrestrained. As we have said before, we generally do not address frivolous arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam); *see, e.g.*, *Cabirac v. Commissioner*, 120 T.C. 163 (2003), *aff'd per curiam without published opinion*, No. 03-3157, 2004 WL 7318960 (3d Cir. Feb. 10, 2004); *Rowlee v. Commissioner*, 80 T.C. 1111, 1120 (1983) (rejecting the taxpayer's claim that he is not a person liable for tax); *Waltner v. Commissioner*, T.C. Memo. 2014-35 (laying out and rejecting a taxpayer's frivolous position), *aff'd*, 659 F. App'x 440 (9th Cir. 2016).

Petitioners' assertion that wages are not taxable income has been identified as a "frivolous position" in I.R.S. Notice 2010-33, 2010-17 I.R.B. 609, and we have done the same. *See, e.g.*, *Walker v. Commissioner*, T.C. Memo. 2022-63; *Briggs v. Commissioner*, T.C. Memo. 2016-86; *Lovely v. Commissioner*, T.C. Memo. 2015-135, *aff'd*, 642 F. App'x 268 (4th Cir. 2016). Finding petitioners' argument to be entirely frivolous, we will sustain the adjustment to petitioners' income as determined in the notice of deficiency.

III.    *Accuracy-Related Penalty*

The Code imposes a 20% penalty upon the portion of any underpayment of income tax that is attributable to (among other things) any "substantial understatement of income tax." I.R.C. § 6662(a), (b)(2). Section 6662(d)(2) defines the term "understatement" as the excess of the tax required to be shown on the return over the amount shown on the return as filed. An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. I.R.C. § 6662(d)(1)(A). For the 2018 tax year petitioners reported tax of zero on their return while their correct tax liability was $56,334. Thus their understatement of income tax was substantial.

Respondent must also show compliance with the procedural requirements of section 6751(b)(1). *See* I.R.C. § 7491(c); *Graev v. Commissioner*, 149 T.C. 485, 493 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016). Section 6751(b)(1) provides that no penalty shall be assessed unless "the initial determination" of the assessment was "personally approved (in writing) by the immediate supervisor of

**[\*4]** the individual making such determination." In his Motion for Summary Judgment respondent has supplied us with case notes reflecting that supervisory approval for the accuracy-related penalty was obtained on October 15, 2021, which was prior to the October 20, 2021, communication to petitioners that the penalty would be imposed. It is undisputed that supervisory approval was timely secured and that the requirements of section 6751(b)(1) were met.[2] Considering the foregoing, we will sustain the accuracy-related penalty determined in the notice of deficiency.

IV.    *Frivolous Position Penalty*

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.

In our prior opinion we cautioned petitioners that their arguments were "unquestionably 'frivolous and groundless'" and instituted "primarily for delay." *Hatfield*, T.C. Memo. 2022-59, at \*5 (quoting I.R.C. § 6673(a)(1)). Citing to this docketed case, we noted that "[g]iven the magnitude of petitioners' unreported income and the inane character of their arguments, we would be justified in imposing a very substantial penalty." *Id.* Our decision in *Hatfield* was then affirmed by the U.S. Court of Appeals for the Fifth Circuit. *See Hatfield v. Commissioner*, 2022 WL 19038050.

Although not specifically requested by respondent, on the basis of the frivolous arguments repeated by petitioners and the ignored warnings, we will require petitioners to pay a penalty of $5,000 to the United States under section 6673(a). We take this opportunity to warn petitioners again that assertion of such frivolous arguments in any future appearance before this Court may result in an additional penalty of a higher amount.

---

[2] Under section 7491(c) the Commissioner also bears the burden of production with respect to the liability of an individual for any penalty. *See Higbee v. Commissioner*, 116 T.C. 438, 446 (2001). Respondent has carried his burden by showing petitioners failed to report wages of $309,986, as reported on the Form W–2 issued to Dr. Hatfield.

**[\*5]** To reflect the foregoing,

*An appropriate order and decision will be entered.*