# United States Tax Court

T.C. Memo. 2025-59

CHRISTOPHER L. HUBER AND ASHLEY M. HUBER,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 14621-23.                               Filed June 5, 2025.

————

Christopher L. Huber and Ashley M. Huber, pro se.

*Rae L. Ensor* and *Joline M. Wang*, for respondent.


## MEMORANDUM OPINION

JENKINS, *Judge*: In a Notice of Deficiency (NOD) dated August 9, 2023, the Internal Revenue Service (IRS) determined an income tax deficiency of $786 and an accuracy-related penalty of $157 under section 6662(a)[1] with respect to the joint 2018 federal income tax return filed by Christopher L. Huber and Ashley M. Huber (Petitioners). The NOD based the deficiency determination on wages reflected on Forms W–2, Wage and Tax Statement, received by Petitioner Ashley M. Huber (Petitioner Ashley Huber) that Petitioners did not report. While residing

————

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[*2] in South Dakota,[2] Petitioners filed a Petition[3] bearing a postmark date of September 8, 2023. The Petition, which was timely filed as it relates to the NOD for the 2018 tax year,[4] requested redetermination of the deficiency in the NOD, seemingly on the ground that earnings from employment are not properly taxable wages.

Respondent filed a Motion for Summary Judgment (Motion) pursuant to Rule 121 and a Memorandum in Support of Motion for Summary Judgment, contending that there is no genuine dispute as to any material fact and that Petitioners present only frivolous arguments as to questions of law.[5] Petitioners filed an Opposition to Memorandum and Motion for Summary Judgment (Response) expanding on the position advanced in the Petition. The Response further argues that the IRS failed to follow the procedures outlined in the Internal Revenue Manual (IRM) regarding frivolous positions and that the IRS failed to demonstrate that section 6702[6] applies to Petitioners.[7] This Court finds that there is no genuine dispute as to any material fact and that respondent is entitled to judgment as a matter of law. This Court will thus grant respondent's Motion.

---

[2] Petitioners appear to have previously argued to the Court that they "reside[] outside the United States." Petitioners provide no support for this assertion, and indeed, documents filed with this Court, including the Petition, indicate that South Dakota is their state of legal residence.

[3] The Petition was not executed by Petitioner Christopher L. Huber; however, he subsequently ratified the Petition on November 27, 2023.

[4] In addition to the NOD presently before this Court, the Petition sought redetermination of a deficiency determined in a Notice of Deficiency dated April 12, 2023, issued with respect to the 2016 tax year. On October 27, 2023, respondent filed a Motion to Dismiss for Lack of Jurisdiction as to the 2016 Taxable Year and to Strike, seeking to strike portions of the Petition accordingly, on the ground that the Petition was untimely with respect to the Notice of Deficiency issued to Petitioners for the 2016 tax year. On June 27, 2024, the Court granted respondent's Motion and dismissed the case with respect to tax year 2016 for lack of jurisdiction, such that the issue related to the NOD issued to Petitioners for tax year 2018 is the only issue pending before this Court.

[5] In respondent's Motion and the related Memorandum in Support of Motion for Summary Judgment, respondent concedes the accuracy-related penalty.

[6] Section 6702 generally authorizes a penalty for frivolous tax returns. Petitioners address a frivolous return penalty for the first time in their Response.

[7] Petitioners, in their Response, also state: "WHEREFORE, it is prayed that Petitioners' motion be granted . . . ." Petitioners' Response does not assert facts supporting a summary judgment motion and does not otherwise satisfy the requirements of Rule 121; therefore, this Court will not treat the Response as a motion for summary judgment.

**[\*3]** *Background*

The following facts are based on the parties' pleadings and Motion and Response papers, including the Exhibits attached thereto. *See* Rule 121(c). This background is stated solely for purposes of ruling on the present Motion and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

During 2018, Petitioner Ashley Huber worked for Vermeer Manufacturing Co. and Sanford Health Plan (collectively, Employers). For the 2018 tax year she earned $9,255 in compensation for work performed as a Vermeer Manufacturing Co. employee and $32,129 in compensation for work performed as a Sanford Health Plan employee. Employers reported the earnings and relevant withholding information to the IRS using Forms W–2. Respondent included with the Motion sworn declarations from Employers concerning the compensation, including biweekly earnings statements consistent with the Forms W–2.

Petitioners timely filed a joint federal income tax return for 2018 but did not report the income received from Employers and reported to the IRS on Forms W–2. Petitioners attached to the 2018 tax return at least one Form 4852, Substitute for Form W–2, Wage and Tax Statement, or Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. This Court's understanding, based on the Petition and Response, is that Petitioners seek to rely on Forms 4852 to claim that the compensation paid to Petitioner Ashley Huber by Employers did not constitute properly taxable wages and that Petitioners therefore had no tax liability, and indeed, had an overpayment for tax year 2018.

On December 21, 2022, the IRS sent Petitioners Letter 3176C related to the 2018 tax return. The Letter 3176C explained that the IRS had determined that Petitioners took a frivolous position on the 2018 tax return because they "used various misinterpretations of the tax code . . . to determine [that] income is not taxable" and that the position taken had no basis in the law. The Letter 3176C also provided Petitioners with an opportunity to file a corrected return within 30 days and alerted them that if a corrected return was not filed, or if they submitted additional documents asserting frivolous positions, a section 6702 frivolous return penalty would be assessed. The Letter 3176C further encouraged Petitioners to seek advice from a competent tax professional and explore digital or printed resources including I.R.S. Publication 2105, Why Do I

[*4] Have to Pay Taxes?, I.R.S. Notice 2010-33, 2010-17 I.R.B. 609 (providing guidance on what are considered frivolous positions), and Internal Revenue Serv., The Truth About Frivolous Tax Arguments (2022), https://www.irs.gov/pub/irs-counsel/2022-the-truth-about-frivolous-tax-arguments.pdf, for additional information about the U.S. tax system and positions identified by the IRS and federal courts as frivolous.

Nevertheless, in their Petition, Petitioners suggest that compensation earned by Petitioner Ashley Huber for work performed as an employee did not constitute properly taxable wages because she did not engage in a taxable activity. Petitioners further suggest that tax on income is an excise tax upon which liability arises only in relation to certain taxable events or activities. Petitioners state the following:

> The IRS did not take into account Forms 4852 that were filed for 2016 & 2018 that are true and correct, reflecting our overpayment as we had NO tax liability, as we are aware of the laws in 26 USC which are carefully designed to require taxes only on legitimate activities of taxation, as defined in 26 USC 7701 (a) (26), 26 USC 3401 (c), 3402, and 3121, that is, a form of government-created or granted privilege, which can be properly subjected to an Article 1, Section 8, Clause 1 and 26 USC 3111(a) excise tax which is based on the income derived from the privileged activity.

In their Response, Petitioners reiterate and expand on their position by restating and relying on various sections of the Code, including "26 USC 7701 (a) (26), 26 USC 3401(a) (1–23), 26 USC 3401 (c), 26 USC 3401 (d), 26 USC 3402 (e), 26 USC 3402 (n), 26 USC 3231 (a), 26 USC 7701 (k) (1) (2), 26 USC 3111, 26 U.S. Code § 6702 (3)." They also state that the Letter 3176C did not inform them of the frivolous position taken, that the IRS "has yet to provide any formal documentation informing Petitioners of any frivolous position," and they have been unable to respond to the IRS because the IRS did not follow IRM 5.20.10.4.3 (Oct. 5, 2018) with respect to informing them of any frivolous position. Petitioners state further that "the IRS has been sending Petitioners these letters starting in 2016 for tax year 2015 onward until 2021, and has yet to follow the IRS Manual and 26 USC statutes to resolve any matter even after we have repeatedly written and communicated with the IRS to come to a resolution."

**[\*5]** Petitioners do not dispute that Petitioner Ashley Huber received Forms W–2 from Employers reporting total gross income of $41,384 for 2018. Neither do Petitioners dispute that Petitioner Ashley Huber received such income in exchange for work performed as an employee for Employers in 2018. Further, Petitioners do not advance any reasonable argument that such amounts should be excluded from gross income. Instead, they offer only frivolous "tax protester" arguments that the Court has repeatedly dismissed.

*Discussion*

I.    *Summary Judgment Standard*

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). Either party may move for summary judgment regarding all or any part of the legal issues in controversy. Rule 121(a)(1). Generally, summary judgment may be granted only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 121(a)(2); *Sundstrand Corp.*, 98 T.C. at 520; *see also* Rule 121(c)(1).

In deciding whether to grant summary judgment, the Court considers factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. The nonmoving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

II.   *Analysis*

A.    *Burden of Proof*

Generally, the Commissioner's determinations in a Notice of Deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In cases of unreported income the Court of Appeals for the Eighth Circuit, to which an appeal in this case would ordinarily lie, *see* § 7482(b)(1), has held that the Commissioner must establish an evidentiary foundation connecting the taxpayer with the income-producing activity, *see Day v. Commissioner*, 975 F.2d 534, 537 (8th Cir. 1992), *aff'g in part, rev'g in part* T.C. Memo. 1991-140. Once the Commissioner makes the required threshold showing, the burden

[*6] typically shifts to the taxpayer to prove by a preponderance of the evidence that the IRS's determinations are arbitrary or erroneous. *See Helvering v. Taylor*, 293 U.S. 507, 515 (1935); *Page v. Commissioner*, 58 F.3d 1342, 1347 (8th Cir. 1995), *aff'g* T.C. Memo. 1993-398. If a taxpayer asserts a reasonable dispute with respect to an item of income reported on a third-party information return, such as Form W–2, and has fully cooperated with the Secretary, the Commissioner has the burden of producing reasonable and probative information concerning the deficiency in addition to the information return. § 6201(d).

Although Petitioners did not dispute receipt of the wages from Employers, merely their taxability, respondent provided sworn declarations from Employers, including biweekly earnings statements consistent with the Forms W–2, in support thereof. Accordingly, respondent has more than sufficiently linked Petitioner Ashley Huber to the income-producing activity, and section 6201(d) does not apply. *See, e.g.*, *Silver v. Commissioner*, T.C. Memo. 2021-98, at *6; *Hendrickson v. Commissioner*, T.C. Memo. 2019-10, at *18–19, *aff'd*, 125 A.F.T.R.2d (RIA) 2020-2185 (6th Cir. 2020); *Canzoni v. Commissioner*, T.C. Memo. 2018-130, at *7–8; *Oman v. Commissioner*, T.C. Memo. 2010-276, 2010 WL 5209360, at *5.

B. *Earnings from Employment as Taxable Income*

Although, as noted, Petitioners have not raised any factual dispute that compensation was paid to Petitioner Ashley Huber by Employers in exchange for services, Petitioners challenge whether such compensation qualifies as wages or otherwise constitutes taxable income. Gross income "means all income from whatever source derived," including compensation for services such as wages or salaries. § 61(a); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429–30 (1955). That includes the payments that Petitioner Ashley Huber received in 2018. Petitioners offer only the frivolous assertion that Petitioner Ashley Huber's earnings are not "legitimate activities of taxation." Courts generally do not address frivolous arguments with "somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984). The IRS has identified Petitioners' assertions as a "frivolous position" in Notice 2010-33, section III(1)(g), (2), and (7), 2010-17 I.R.B. at 609–10, and the Tax Court has done the same. *See, e.g.*, *Walker v. Commissioner*, T.C. Memo. 2022-63; *Briggs v. Commissioner*, T.C. Memo. 2016-86; *Lovely v. Commissioner*, T.C. Memo. 2015-135, *aff'd*, 642 F. App'x 268 (4th Cir. 2016). Because

[*7] Petitioners offer only "tax protester" type arguments, which the Court has repeatedly rejected, this Court chooses not to address such arguments in detail here. *See Wnuck v. Commissioner*, 136 T.C. 498 (2011).

### C.     *IRS Response to Frivolous Filing*

Petitioners reference receipt of Letter 3176C and seek to rely on IRM guidance related to issuance of Letters 3176C, arguing that the IRS did not follow IRM 5.20.10.4.3 because the letter did not inform Petitioners of a frivolous position. The IRM part that Petitioners reference is entitled "Responding to Frivolous Filings Subject to Penalty Under IRC 6702(a)." *See* IRM 5.20.10.4.3. It is true that the IRM states that the IRS "will mail Letter 3176C to the taxpayer informing them of the frivolous argument." *Id.* (3). However, Petitioners' reliance on the IRM is misplaced.[8] The IRM details procedures related to section 6702 frivolous return penalty assessments. A frivolous return penalty is not subject to deficiency procedures. § 6703(b). Accordingly, this Court lacks jurisdiction over any challenge raised regarding a frivolous return penalty in the deficiency proceeding before it, and a dispute with respect to such a penalty is irrelevant to this case.

### *Conclusion*

Petitioners' frivolous arguments fail to refute respondent's showing that no genuine dispute of material fact exists, and Petitioner Ashley Huber's wages are gross income, as respondent argues. Accordingly, this Court will grant respondent's Motion for Summary Judgment.

This Court also takes this occasion to caution Petitioners about the potential applicability of sanctions under section 6673(a)(1), which authorizes the Court to impose a sanction of up to $25,000 when it appears to the Court that a taxpayer's position is frivolous or groundless. If frivolous arguments in this or any subsequent proceeding are further pursued, Petitioners may be sanctioned up to $25,000.

---

[8] In any event, it is well settled that the IRM does not carry the force of law and that it confers no rights on taxpayers. *See Eichler v. Commissioner*, 143 T.C. 30, 39 (2014).

**[*8]** This Court has considered all the arguments made by the parties, and, to the extent they are not addressed herein, deems them to be moot, irrelevant, or without merit.

To reflect the foregoing and respondent's concession,

*An appropriate order and decision will be entered for respondent as to the deficiency and for petitioners as to the section 6662 penalty.*